OPINION
On August 4, 1990, appellant, Frederick James, and appellee, Lynette James, were married. One child was born as issue of said marriage, Frederick James, Jr. born April 11, 1991. By decree filed March 11, 1994, the parties were granted a divorce and appellant was ordered to pay child support in the amount of $46.61 per week. On November 6, 1996, appellee filed a motion in contempt and a motion to increase child support. A hearing was held on January 6, 1997 wherein the parties entered into an agreed entry whereby appellant was to provide his income figures for 1996 within ninety days. Appellant did not provide figures to appellee's satisfaction. On February 12, 1998, appellee filed a motion requesting further hearing on child support and visitation modification. Again, appellant was to provide income figures. On March 4, 1998, appellant filed a motion for contempt for denial of visitation and attorney fees. A hearing before a magistrate was held on July 17, 1998. By decision filed October 2, 1998, the magistrate ordered appellant to pay child support in the amount of $174.76 per week for the period November 6, 1996 to December 31, 1997, and then $199.11 per week commencing on January 1, 1998 until further order of the court. The magistrate also awarded appellee $1,200.00 in attorney fees. Appellant filed objections on October 15, 1998. By opinion filed November 10, 1998, the trial court denied the objections. The trial court filed a judgment entry on December 11, 1998 reflecting the magistrate's decision, including judgment to appellee for arrearages in the amount of $11,881.06. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSE OF DISCRETION IN CONCLUDING THAT APPELLANT FAILED TO PRESENT APPROPRIATE DOCUMENTATION FOR THE CHILD SUPPORT CALCULATION.
II THE TRIAL COURT DENIED APPELLANT DUE PROCESS BY NOT AFFORDING THE APPELLANT A FULL ORAL HEARING.
III THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT INCREASED CHILD SUPPORT FOR 1997.
IV THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY FEES THAT WERE NOT SUPPORTED BY THE EVIDENCE.
 I
Appellant claims the trial court erred in finding he failed to provide proper documentation for the child support calculation under R.C. 3113.215. We disagree. A trial court's determination on child support will not be disturbed on appeal absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. R.C. 3113.215 governs calculations for child support. Subsection (B)(5)(a) requires parents to provide the following: (a) The parents shall verify current and past income and personal earnings with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.
Because appellant was self-employed in his own Subchapter S corporation, he was also required to provide those items defined in "self-generated" income under subsection (A)(3) and (4)(a): (A) As used in this section:
(3) `Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. `Self-generated income' includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including, but not limited to, company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses.
(4)(a) `Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
Appellant provided financial information but never made it a part of the record except to attach it to his memorandum contra filed July 27, 1998. Appellant produced a self-generated "balance sheet" dated June 1, 1996 listing a net worth of $5,750.00. Appellant's 1996 tax return for an S corporation showed gross receipts as $98,848.65 with a total gross profit of $38,993.66 after subtracting the cost of goods. After subtracting additional business deductions, ordinary income was listed as $10,659.55. Appellant also attached a child support calculation worksheet wherein his adjusted annual gross income was listed as $6,126.00. Appellant's 1997 tax return for an S corporation showed gross receipts of $78,156.50 with a total gross profit of $38,616.85. After subtracting additional business deductions, ordinary income was listed as $2,011.99. In both years, "other deductions" were noted as $22,470.14 and $22,758.66, respectively. No substantiation of the "other deductions" was given. In its decision filed October 2, 1998, the magistrate found the following: The Plaintiff has some expenses documented for 1996. He has none documented for 1997, other than the `bare bones' tax return and schedules. Even though we are dealing here with a corporate entity for the Plaintiff's business, the Magistrate asserts that more in support must still be supplied. For that reason the Magistrate adopts the figures shown on Defendant's memorandum. This is not just because the Magistrate feels it necessary to choose one over the other, but because the Magistrate submits that it correctly reflects the state of the law regarding his situation.
In its opinion filed November 10, 1998, the trial court concluded the following: The plaintiff overlooks the Magistrate's Order of July 21, 1998, which required the defendant to present calculations concerning the child support obligation by July 24, 1998, and the plaintiff was to have the opportunity to respond to those calculations by July 27, 1998 (emphasis added).
Therefore, if the Magistrate did not have the necessary documentation, it was the plaintiff's neglect which acted as a waiver of dispute to defendant's calculations. However, in reviewing the case file, it appears plaintiff's counsel provided the Court the same documentation provided to defendant's counsel which was incorporated in plaintiff's memorandum contra of July 27, 1998. In reviewing those documents, the Court concludes there was sufficient information available to confirm the Magistrate's decision.
Given the disparity in appellant's income and the "other deductions" which were not accounted for, we conclude the trial court did not err in adopting the figures in appellee's memorandum. Assignment of Error I is denied.
 II
Appellant claims he was denied due process by not being given an evidentiary hearing. We disagree. Via a settlement memorandum filed January 6, 1997 and signed by appellant, appellant agreed to the following procedure: (2) In regard to child support motion, Plaintiff shall organize his income figures for 1996 within 90 days. These shall be furnished to defendant's counsel with supporting documentation. If child support figures cannot be agreed upon by parties, written proposals and arguments shall be submitted to court for decision. Child support increase shall be retroactive from motion filing date.
No other procedure was requested by appellant. Upon review, we find appellant was not denied due process. Assignment of Error II is denied.
 III
Appellant claims the trial court erred in calculating child support for 1997 when the motion for an increase in child support was made for the 1996 year. We disagree. The trial court specifically referenced appellee's November 10, 1996 motion for an increase in child support based upon a change in circumstances in its judgment entry filed April 3, 1997 wherein appellant was ordered to provide supporting documentation of his 1996 income within ninety days. There are no docket entries from April 3, 1997 to February 12, 1998 when appellee filed her motion requesting further hearing on the modification of child support. On April 20, 1998, appellee moved for an order to compel discovery. Attached to this motion was appellee's February 13, 1998 request for production of documents wherein appellee requested a copy of appellant's tax returns for several years including 1996 and 1997. By judgment entry filed April 20, 1998, the trial court ordered appellant to comply "immediately." Appellee filed a motion for sanctions on July 8, 1998 for appellant's failure to comply. By magistrate's order filed July 21, 1998, appellant was to provide to appellee's counsel "all documents" required by R.C.3113.215(B)(5)(a) for the tax years 1996 and 1997. Upon review, we find the trial court specifically ordered appellant to provide information for both 1996 and 1997 and provided appellant the opportunity to submit the necessary information. The trial court did not err in determining child support as to 1996 and 1997 given the fact appellee's request was for a blanket increase and not tied to a specific year. Further, we concur with the following reasoning of the trial court regarding child support for 1997: The only reason for the child support issue not being resolved can be traced directly to plaintiff's excessive delay in providing 1996 financial information. For the matter to still be unresolved into 1998 is unconscionable. This Court finds that equity demands the adjustment to the plaintiff's child support obligation for 1997.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in awarding appellee attorney fees. We agree in part. Absent a clear showing of an abuse or prejudice, an award of attorney's fees will not be reversed. Birath v. Birath (1988), 53 Ohio App.3d 31; Blakemore. Appellee made no fewer than three attempts via motions to secure the necessary information. Apart from the motions, there were two letters to counsel and numerous subpoenas issued. The issue of appellant's income languished from the January 6, 1997 agreed entry to the magistrate's hearing on July 17, 1998. Even then the record establishes appellant did not supply the necessary information until he filed his memorandum contra on July 27, 1998. The trial court was distressed by appellant's lack of forthrightness and candor. By not cooperating with discovery for some eighteen months, appellant had indeed thwarted justice. Upon review, we find the trial court did not err in awarding attorney fees however, we find such an award should have been given after an evidentiary hearing on reasonableness. Assignment of Error IV is granted in part.
The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.